DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN KING,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2670

[October 17, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 14-619CF10A.

Stephen King, Cross City, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Stephen King appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We reverse in part for the trial court to allow him to amend a successive rule 3.850 motion and to consider the merits of his ineffective assistance of counsel claims.

On direct appeal, this court affirmed King's convictions for two counts of lewd or lascivious battery on a child over twelve and one count of lewd or lascivious molestation. A little over a month after the mandate issued, King filed a rule 3.850 motion that was prepared by the public defender's office and related to a crime lab error in calculating DNA probability statistics. The trial court ordered a State response. Less than a month after King filed the first rule 3.850 motion, he filed a motion explaining that he was not aware the form motion prepared by his counsel could waive his right to file another rule 3.850 motion and that he intended to raise claims of ineffective assistance of counsel. He asked the court to separate the form motion from his pro se rule 3.850 motion and requested additional time to file an amended motion. Approximately a month later,

on June 23, 2017, King filed a memorandum of law in support of a rule 3.850 motion. Within the memorandum he included a second rule 3.850 motion, raising thirteen claims. King also filed a motion requesting relief under Florida Rule of Civil Procedure 1.540 and numerous motions to define and/or clarify, raising various complaints about his criminal case.

The trial court treated the form motion prepared by defense counsel and two motions to define and/or clarify that were related to DNA evidence as a single rule 3.850 motion and summarily denied relief, agreeing with the State that the claims were refuted by the record. Before receiving the denial order, King filed a reply to the State's response. He again stated that he did not intend the form motion prepared by counsel to be his official rule 3.850 motion. He asked the court to dismiss the form rule 3.850 motion. King also claims that he tried to voluntarily dismiss the first motion before the State filed its response, but the court never received his voluntary dismissal.

King could reasonably have been confused by the form motion that he received from the public defender's office. He filed the motion shortly after the mandate issued on direct appeal and may not have appreciated that this motion could bar him from raising other postconviction claims. Although the court already had ordered a response from the State, King did not unreasonably delay his request to file an additional rule 3.850 motion. The trial court denied the form rule 3.850 motion without considering his request to amend the motion and without ruling on the merits of the second rule 3.850 motion in his June 23, 2017 memorandum of law. Under these circumstances, the second rule 3.850 motion should not be treated as impermissibly successive. Fla. R. Crim. P. 3.850(h)(2).

On appeal, the State suggests that if this case is remanded for consideration of King's ineffective assistance of counsel claims, his second rule 3.850 motion should be stricken with leave to file a single, legally sufficient motion that complies with the requirements in rule 3.850(c) and (d). We agree.

King is cautioned that motions to define and/or clarify are not authorized and Florida Rule of Civil Procedure 1.540 does not apply in criminal cases. The trial court may strike these pleadings.

Accordingly, the trial court's summary denial of the original rule 3.850 motion is reversed in part for the trial court to allow King to file a succinct, legally sufficient rule 3.850 motion raising his ineffective assistance of counsel claims.

WARNER, CONNER and KLINGENSMITH, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***